BASCHAB, Judge.
On March 31, 2003, the appellant, Harold Douglas Bullard, pled guilty to first-degree theft of property. The trial court sentenced him, as a habitual offender, to serve a term of twenty years in prison. See § 13A-5-9(c)(2), Ala.Code 1975. It then split the sentence and ordered him to serve four years followed by five years on probation. The appellant did not appeal his conviction. On October 6, 2003, he filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.
The appellant argues that the trial court improperly sentenced him as a habitual *1250 offender with four prior felony convictions. Specifically, he contends that he had only two prior felony convictions at the time he committed the present offense. He also argues that his trial counsel rendered ineffective assistance because he did not adequately investigate the prior convictions that were used to enhance his sentence. The State did not specifically refute the appellant’s claims. Also, in its order dismissing the petition, the circuit court did not specifically address the claims. Because the appellant’s claims that the trial court improperly used two prior convictions to enhance his sentence and that his trial counsel rendered ineffective assistance could be meritorious, the circuit court erred in not addressing them. Therefore, we remand this case to the circuit court for that court to make specific, written findings of fact concerning those claims. On remand, the circuit court may require the State to respond specifically to the appellant’s contentions and/or may conduct an evidentiary hearing. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court’s written findings of fact and, if applicable, the State’s response and/or a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J, and COBB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: On June 11, 2004, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion. On June 25, 2004, that court denied rehearing, without opinion.